## MINNESOTA MINING & MANUFACTUR-ING CO. v. COE, Commissioner of Patents.

### No. 8592.

United States Court of Appeals
District of Columbia.

Argued April 3, 1944.

Decided May 1, 1944.

Mr. Harold J. Kinney, of St. Paul, Minn., with whom Mr. Charles S. Grindle was on the brief, for appellant.

Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

The court below dismissed a complaint for a mandatory injunction to require the Commissioner of Patents to enter and consider certain amended claims to a parent application which had been filed in 1938 as a division and continuation in part of an earlier application filed in 1933.

The parent application was finally rejected in 1941, after appellant had presented 88 claims. After that final rejection the appellant submitted the further amendments involved in this case which present 9 new claims, some of which are copied from another application. The purpose of the amendments is to provoke an interference.

In September, 1941, the examiner refused to enter the amendments on the ground that the application had been finally rejected and was not open to further amendment. Thereafter, appellant filed a series of petitions requesting that the claims be entered and acted upon, all of which were denied.

It is the contention of appellant that he is entitled to have his amendments entered and considered under the second paragraph of Section 4903, which reads as follows:

"No amendment for the first time presenting or asserting a claim which is the same as, or for substantially the same subject matter as, a claim of an issued patent may be made in any application unless such amendment is filed within one year from

the date on which said patent was granted."[1]

It is the position of the Patent Office that the above paragraph does not confer any absolute right of amendment after final rejection. It merely puts a limitation of one year on the time during which the Commissioner may, in his discretion, allow an amendment to be entered and considered after the claim has been finally rejected.

▆ The second paragraph of Rule 68 of the Patent Office permits amendments in the circumstances disclosed in this case which cancel claims or present those rejected "in better form for consideration on appeal".[2] The amendments here are admittedly for the purpose of provoking an interference; they do not come within that provision of the rule. For the same reason, they do not come within our ruling in Coe v. United States ex rel. Remington Rand, Inc.[3] In that case we directed the Patent Office to consider an amended claim which was presented not for the purpose of provoking an interference but to overcome the new ground of objection by the examiner.

▆▆ According to its rules and practice[4] the Patent Office will refuse, after final rejection of an application, to consider amendments which have no relation to clarifying the issues on appeal, except after a showing of good and sufficient reasons why they were not earlier presented. We believe that this practice is consistent with the statute. Nothing in the paragraph quoted above suggests that an amendment can be made as a matter of right after final rejection of an application. To indulge in such an interpretation would permit an applicant unduly to prolong the pendency of his application without a showing of good cause. The rights of an applicant are amply protected by the third paragraph of Rule 68.[5]

▆ Nothing in the record indicates that the Commissioner abused his discretion. The judgment of the court below will, therefore, be

Affirmed.

---

[1] R.S. § 4903, 35 U.S.C.A. § 51.

[2] "After such action upon an application as will entitle the applicant to an appeal to the Board of Appeals (Rule 134), or after appeal has been taken, amendments canceling claims or presenting those rejected in better form for consideration on appeal may be admitted; * * *." Rules of Practice, U.S. Patent Office, Rule 68 (1942).

[3] 1936, 65 App.D.C. 387, 84 F.2d 240.

[4] Ex parte Shohan, 522 O.G. 501, 48 U. S.P.Q. 326, 1941 C.D. 1.

[5] "If amendments touching the merits of the application be presented, after the case is in condition for appeal, or after appeal has been taken, they may be admitted upon a showing, duly verified, of good and sufficient reasons why they were not earlier presented." Rules of Practice, U.S. Patent Office, Rule 68 (1942).