COOK
v.
WATSON, Commissioner of Patents.
No. 11675.

United States Court of Appeals
District of Columbia Circuit.
Argued May 13, 1953.
Decided Nov. 19, 1953.

Mr. A. Yates Dowell, Washington, D. C., with whom A. Yates Dowell, Jr., Washington, D. C., was on the brief, for appellant.

Mr. E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., for appellee.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

The question here is whether the plaintiff in a trademark application suit under Rev.Stat. § 4915[1] must pay the printing expenses incurred by the Patent Office in an unsuccessful appeal taken by the latter to this court.[2] We think the clear language of the statute requires us to answer in the affirmative. The result may be harsh, but that is a matter for Congress. At the time this suit was brought, Rev.Stat. § 4915 provided that "In all cases where there is no opposing party a copy of the bill shall be served on the commissioner; and all the expenses of the proceedings shall be paid by the applicant, whether the final decision is in his favor or not."[3] Here there was in substance no opposing party.[4] The "proceedings" in a suit must

1. Suit was brought under Rev.Stat. § 4915 (1875), as amended, 35 U.S.C. § 63 (1946). That section was repealed by Section 5, Act of July 19, 1952, c. 950, 66 Stat. 815, and is now replaced by 66 Stat. 803, 35 U.S.C.A. §§ 145, 146.

2. Marzall v. Cook, 1952, 90 U.S.App.D.C. 423, 196 F.2d 241.

3. By the Act of July 19, 1952, supra note 1, at c. 950, § 1, 66 Stat. 803, 35 U.S. C.A. § 145, this language was changed to read simply: "All the expenses of the proceedings shall be paid by the applicant." The parties argued their case in the District Court and in this court on the basis of the old wording, and we rule on that basis.

4. Mrs. Cook sued not only the Commissioner of Patents but also the Newark Jewelry Company. That Company had been named by the Patent Office when it set up an opposition proceeding during the course of Mrs. Cook's attempt to obtain registration of her trademark. Newark Jewelry Company did not at any time, however, regard Mrs. Cook's trademark as being in conflict with its own mark. After Mrs. Cook's suit was brought that Company filed an answer in which it stated that it did not consider a conflict to exist, and that it joined in

be held to include an appeal, by whichever party taken. And "expenses" are not limited to costs.[5] Reasonable printing expense must be deemed includable. A reasonable rate for printing is fixed, for purposes of allowing costs in this court, at $3.25 per page. See Rule 17(h) of our General Rules. Though that Rule has no direct application here, the scale it sets should not be exceeded in the present context. As the record does not show whether or not the sum allowed by the District Court exceeded that scale, we will remand so that it may be applied.[6]

So ordered.

Mrs. Cook's prayer that registration of her mark be granted. The Jewelry Company and Mrs. Cook were in fact represented by the same attorney, who entered appearances for both in the District Court. Under these circumstances, we do not believe that there was an "opposing party" in Mrs. Cook's suit, within the meaning of the statute.

5. Robertson v. Cooper, 4 Cir. 1931, 46 F.2d 766, 769.

6. Appellant urges that the District Court was without jurisdiction to enter its order. We cannot agree. This court made no ruling as to expenses when the case was here previously. We denied appellant's motion, made after the rendition of our prior opinion affirming the District Court's grant of registration, that costs be not assessed against her. This was a ruling as to costs, and was not a determination of the present controversy. In any event, it was adverse to appellant, and cannot aid her here. After the amount of the Government's expenses (as distinguished from costs) had been ascertained, it could properly go to the District Court for relief.