**LEIGHTON v. COE, Commissioner of Patents.**

**No. 7963.**

United States Court of Appeals for the District of Columbia.

Decided Sept. 2, 1942.

Mr. Nelson J. Jewett, of Washington, D. C., by appointment of the court, for appellant.

Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., for appellee.

Before STEPHENS, VINSON and RUTLEDGE, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from an order of the District Court of the United States for the District of Columbia dismissing a complaint of the appellant Albert Leighton. The complaint, filed under Rev.Stat. § 4915 (1878), 35 U.S.C.A. § 63, sought an order authorizing the Commissioner of Patents, the appellee herein, to reissue U. S. Patent No. 1986508 of which the appellant was alleged to be the patentee and owner.

It appears from the record in the Patent Office, which was before the trial court and is before this court on appeal, and from the pleadings, that after the final rejection by the acting examiner of the appellant's application for reissue on March 25, 1939, the appellant took no appeal to the Board of Appeals; he attempted *in propria persona* an informal appeal by letters written to the Patent Commissioner but did not pay the required fee. Rev.Stat. § 4909 (1878), 35 U.S.C.A. § 57, provides that every applicant for a patent or for the reissue of a patent, any of the claims of which have been twice rejected, may appeal from the decision of the primary examiner to the Board of Appeals, "having once paid the fee for such appeal." Rev.Stat. § 4934 (1878), 35 U.S.C.A. § 78, fixes a fee of $15. The failure to pay the fee was it appears due to the appellant's poverty. The patent statutes contain no provisions for proceedings *in forma pauperis*.

After the filing of the appellant's complaint in the District Court the Commissioner moved to dismiss the action upon the ground that under § 4915 the court lacked jurisdiction of the subject matter and upon the further ground that the complaint failed to state a claim upon which the relief sought could be granted. This motion was overruled without prejudice. It was not formally renewed upon the calling of the case for trial but nevertheless stood of record. The proceedings in the trial court were *in forma pauperis*. Application was made by the appellant for the appointment of counsel to represent him. The trial court, apparently in the exercise of its discretion under the *in forma pauperis* statute, which provides that the court "may request any attorney of the court to represent such poor person, if it deems the cause worthy of trial . . ." (27 Stat. 252 (1892), 28 U.S.C.A. § 835), made no appointment of counsel. Before the case was called the appellant had in-

formed the court through letters written and made of record that because of his poverty he would not be able to attend any trial in Washington unless transportation expenses were allowed to him. The court made no such allowance. It had no power under the statutes to do so. When the case was called the appellant did not appear. He had, however, mailed to the clerk and there had been placed of record in the files of the case a paper entitled "Pltfs. Statement of Facts" in which he set out the facts which he claimed underlay his case and in which he made contentions of law. On the calling of the case and the non-appearance of the appellant, the court, apparently on its own motion, dismissed the case for want of prosecution.

■■ We think the dismissal was proper in view of the provisions of § 4915. That section provides, so far as here pertinent:

"Whenever a patent on application is *refused by the Board of Appeals* . . . the applicant, unless appeal has been taken to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal. . . [Italics supplied]

It is settled that in the absence of an appeal to, and refusal of an application by, the Board of Appeals, no action will lie under § 4915. The administrative remedy must be first exhausted. American Cable Co. v. John A. Roebling's Sons Co., 1933, 62 App. D.C. 168, 65 F.2d 801. As stated above the record before the trial court showed that the appeal had not been taken. The appellant's complaint failed to allege that it had been taken. On this ground we affirm the dismissal. On the question whether, under the circumstances disclosed by the record, it was proper to dismiss the case for want of prosecution, we do not rule.

Affirmed.

RUTLEDGE, Associate Justice (concurring). I concur in the result on the ground that the facts of record do not disclose any abuse of discretion upon the part of the trial court in dismissing the suit for want of prosecution.