Robert C. WATSON, Commissioner of
Patents, Appellant,

v.

Thomas J. ALLEN, Appellee.

No. 15155.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 5, 1959.

Decided Nov. 5, 1959.

See publication Words and Phrases, for other judicial constructions and definitions of "Proceedings".

———◆———

Mr. S. William Cochran, Atty., U. S. Patent Office, with whom Mr. Clarence W. Moore, Sol., U. S. Patent Office, was on the brief, for appellant.

Mr. A. Yates Dowell, Jr., Washington, D. C., with whom Mr. A. Yates Dowell, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and BURGER, Circuit Judges.

PRETTYMAN, Chief Judge.

This appeal concerns an order respecting payment by the private party of the expenses of certain patent litigation. Allen, our appellee, brought suit in the District Court for the authorization of a patent. He was successful there, and upon appeal we affirmed.[1] The Commissioner presented to Allen a bill for expenses in the litigation and filed in the District Court a motion to require payment. The motion was denied, and the present appeal followed.

The statute[2] provides: "All the expenses of the proceeding shall be paid by the applicant." Included among the "expenses" claimed in this case were charges for the printing of the Commissioner's brief and joint appendix on appeal. These items were presented at the amount charged by the Government Printing Office, which, it is agreed, was in this case about three times the amount specified by our Rule 17(f) (formerly 17(h) ), 28 U.S.C.A., as the maximum allowable cost of printing chargeable against the party who must pay costs in ordinary appeals to this court.

In Cook v. Watson,[3] this court held that the "proceedings" include an appeal taken by either party and that, even though our Rule 17(h) (now 17(f) ) had no direct application in this type of suit, the rate therein established "should not be exceeded in the present context." [4] In the present case the District Court held it had no jurisdiction to determine "expenses" incurred in this court in patent litigation, but the judge indicated that he thought the Cook case limited allowable printing expenses to the reasonable costs permitted by our Rule.

We hold that these "expenses" must be limited by a standard of reasonableness. It is a commonplace of litigation that the costs of one party which may be taxed to an adversary party are limited to reasonable costs. The word in the statute before us is "expenses", not "costs". But it is perfectly plain to us that the same rationale applies. We so held in Cook. The Congress did not intend to empower the Commissioner of Patents to incur unreasonable expenditures and impose that unreasonable burden upon private applicants for patents. The use of the term "expenses" was not intended to vitiate the whole standard of reasonableness but was intended to permit the inclusion of items which might not usually be included in the term "costs", which term has come to have some technical connotations and limitations. We hold that printing expenses are limited to reasonable printing expenses. In this type of suit we see no reason why reasonable expenses of printing should exceed reasonable costs of printing, which in turn are limited by our Rule 17(f) to a maximum of $3.25 per page. We so held in Cook, and we so hold here.

It is not disputed that this printing can be done for $3.25 per page. What

1. Watson v. Allen, 103 U.S.App.D.C. 5, 254 F.2d 342 (1958).

2. 35 U.S.C. § 145 (1952).

3. 93 U.S.App.D.C. 150, 208 F.2d 529 (1953).

4. Id., 93 U.S.App. at page 152, 208 F.2d at page 531.

internal bookkeeping arrangements the executive departments have *vis-à-vis* the Government Printing Office we do not know. Nor do we know why a Government Printing Office bill should be approximately three times the going commercial price for the same work. But, in any event, such arrangements or such excess billings cannot validate the imposition upon a private party of unreasonable or unrealistic expenses incurred, either actually or as bookkeeping entries, by a Government officer.

■ We are of opinion that the District Court has jurisdiction to determine "expenses" which pertain to proceedings in this court. We said so in the Cook case. In that case, however, the District Court had entered an order, and a remand was necessary to permit that court to determine whether in its order it had in fact applied the rate prescribed by our Rule 17. In the present case the District Court entered no order charging expenses incurred in this court. Since Allen stated in the District Court that he is willing to pay the printing expenses at the rate prescribed by our Rule, and since there is no indication in the record that further evidence must be taken upon any issue, we see no necessity for remanding this case to the District Court. Accordingly an order will be entered charging to the appellee the printing expenses involved herein at the rate of $3.25 per page of text. Covers, indices, etc., will be charged at the rate accepted by this court as prevailing in the District of Columbia at this time. Counsel for appellant will submit a draft order to opposing counsel and to this court.

■ We are further of the opinion that the present appeal is not part of the "proceedings" relative to the patent, within the meaning of the statute governing the payment of expenses. Therefore no addition will be made to the expenses of the litigation in order to provide for printing or other expenses in the present phase of the case in this court.

So ordered.