Jozef **SIKORA**, Appellant,

v.

Edward J. **BRENNER**, Commissioner of
Patents, Appellee.

No. 20634.

United States Court of Appeals
District of Columbia Circuit.

Argued April 12, 1967.

Decided May 8, 1967.

As Amended June 2, 1967.

Mr. Jozef Sikora, appellant, pro se.

Mr. Raymond E. Martin, Atty., United States Patent Office, with whom Mr. Joseph Schimmel, Sol., United States Patent Office, was on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge.

Appellant applied for a patent for a chemical process for preparing linear polyamides (a chemical designation that includes nylon). On June 12, 1964, after the critical claims, 11–17, were finally rejected by the examiner in the Patent Office, appellant filed an appeal in the Board of Appeals. Thereafter he filed several amendments to the patent claims. The examiner accepted some amendments but refused to enter one filed on November 25, 1964, which endeavored to restrict claims 11 through 17. This was filed after the appeal was lodged, according to appellant, in order to reply to new arguments of the examiner. On petition to review appellee held that the examiner "has not acted arbitrarily or in a clearly erroneous manner in refusing to enter amendments after final rejection."

The Board of Appeals did not consider the proposed amendment, being bound by the action of the Commissioner. It sustained the action of the examiner holding that the unamended claims were not patentable.

Appellant, previously represented by counsel, filed an action *pro se* in the District Court. His pleading, captioned Complaint for Letters Patent, alleged that it was filed under 35 U.S.C. § 145 (1964) and the court had jurisdiction under the patent laws. The averments, however, made clear that appellant was complaining of the failure to permit the amendment, which meant, as he put it, that his "main point" was not considered by the Board of Appeals. The prayer sought a judgment concerning the sufficiency of the Examiner's reasons for not allowing the amendment.

The District Court entered judgment dismissing the complaint. Its opinion, findings of fact and conclusions of law, were all based on the unpatentability of the claims in their unamended state.[1] The District Court made no findings or

---

1. Apparently the trial and argument in the District Court focused on the merits of patentability of claims. But appellant did not abandon his protest against the refusal to permit amendment of the claims.

comments on the validity vel non of appellee's refusal to permit the amendment of appellant's patent claims. Appellee argues that the District Court lacked jurisdiction to consider the validity of appellee's refusal to permit amendment because under 35 U.S.C. § 145 an action may be brought only by an applicant "dissatisfied with the decision of the Board of Appeals" and the cognizable subject matter is restricted in scope to a claim of entitlement to a patent for the invention "specified in * * * claims involved in the decision of the Board of Appeals * * *."

■ In our view the District Court had jurisdiction to consider the objection in the complaint, viewed liberally as a *pro se* pleading, that the Patent Office had acted arbitrarily in refusing to permit the requested amendment of the patent claim. We need not consider whether the objection is within the compass of 35 U.S.C. § 145.[2] In any event,

the official action may be protested and reviewed by the District Court in an action brought under the statutory provisions now codified as 5 U.S.C. §§ 702–704.[3] The jurisdictional allegations of appellant's complaint satisfied Rule 8(a) of the Federal Rules of Civil Procedure which requires that the pleading contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."[4] The complaint was lodged against the Commissioner of Patents, who had final authority to grant or deny the requested amendment of the patent claims.

■ The District Court's jurisdiction was established by the allegations of operative facts bringing the controversy within the scope of the statute conferring jurisdiction on the court. The court's jurisdiction was neither dependent upon nor removable by any reference to or recitation of a statute in the allegations.[5] Nor is the caption of the

2. There is a suggestion to the contrary in Gilbert v. Marzall, 87 U.S.App.D.C. 1, 182 F.2d 389 (1950). However, *Gilbert* focused on the undeniable proposition that the statute does not authorize a court to issue a patent on the basis of claims not presented to the Board of Appeals.

3. 5 U.S.C. §§ 702–704, as codified by Public Law 89–554, 80 Stat. 378, approved September 6, 1966, takes the place of what was formerly 5 U.S.C. § 1009. Their salient provisions are:

5 U.S.C. § 702. "A person suffering legal wrong because of agency action * * * is entitled to judicial review thereof."

5 U.S.C. § 703. Absent a special statutory review proceeding, "[t]he form of proceeding for judicial review is * * * any applicable form of legal action * * * in a court of competent jurisdiction."

5 U.S.C. § 704. Any "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."

We need not determine whether the Commissioner's refusal to permit amendment of the patent claims was "final" action that could have been protested immediately, or was procedural or intermediate action that may now be attacked because the agency's process has since culminated in a final action. In either event § 704 makes clear that the complaint was ripe for presentation to a court.

4. The pleading is sufficient in this respect to meet even relatively strict standards, but we may also note that a court is liberal when it views the pleading *pro se* of one unskilled in the law. *See* Moore v. Coats Co., 270 F.2d 410, 411 (3rd Cir. 1959).

5. *See, e. g.,* Aktiebolaget Bofors v. United States, 90 U.S.App.D.C. 92, 95, 194 F.2d 145, 148–149 (1951); Beeler v. United States, 338 F.2d 687, 689 (3d Cir. 1964); Lennerth v. Mendenhall, 234 F. Supp. 59, 61–63 (N.D.Ohio 1964). Nothing to the contrary is implied in Gilbert v. Marzall, *supra* note 2, for there the applicant had not exhausted his administrative remedy for protesting the examiner's refusal to permit the amendment of the claim, and hence this refusal was not yet judicially cognizable.

pleading a material element of the pleading for purposes of determining jurisdiction.[6] The cause must therefore be remanded to the District Court to exercise its jurisdiction.

It is appropriate that we address ourselves to certain issues controverted by the parties that are ripe for our decision, to obviate confusion about the scope and intention of our remand to the District Court to exercise its jurisdiction. First we observe that we agree with the conclusion of Judge Sirica in an earlier case that under applicable Patent Office Rules a claimant is not entitled as a matter of right to amendment of his patent claims after the filing of the appeal to the Board of Appeals. Rendleman v. Ladd, 197 F.Supp. 304, 309 (D.D.C.1961). But the matter is within the sound discretion of the Commissioner, and appellant may obtain relief if he meets the burden of showing that discretion was abused or appellee acted in an arbitrary way.[7] We express no opinion on that point, for we have not considered it on the merits, except to say that appellant's contention is not foreclosed by the fact that he could, as appellee suggests, have filed a new patent claim restricted in the manner proposed in the amendment. This is not necessarily equivalent relief since, apart from the modest fee and possible delay involved, appellant may deem it of significance that the Board of Appeals give its first consideration to the merits of his patent claims by analysis of those claims in their restricted form, when comparison is made with the prior art.

Remanded for further proceedings consistent with the views expressed in the foregoing opinion.

6. Compare cases cited *supra* note 5; *see also* Dann v. Studebaker-Packard Corp., 288 F.2d 201, 215–217 (6th Cir. 1961). These cases demonstrate that a court's jurisdiction and available relief are not dependent on the prayer. Here the appellant's prayer as outlined above was unobjectionable; it was merely the caption—perhaps copied from some form book—that may have implied that appellant was also seeking relief of his entitlement to a patent.

7. In Rendleman v. Ladd, *supra*, the applicant had not appealed to the Commissioner from the examiner's refusal to permit an amendment, *see* 197 F.Supp. at 309.