**Francesco A. MARIRIO, Plaintiff,**

v.

**Q. Todd DICKINSON, Acting Commissioner of Patents and Trademarks, Defendant.\***

**Civil Action No. 98–1998(PLF).**

United States District Court,
District of Columbia.

July 13, 1999.

Francesco A. Maririo, Clarksdale, MS, pro se.

Diane Marie Sullivan, U.S. Attorney's Office, Washington, DC, for defendant.

*MEMORANDUM OPINION*

PAUL L. FRIEDMAN, District Judge.

This case is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Plaintiff is proceeding *pro se.* Upon consideration of the complaint, defendant's motion to dismiss and plaintiff's opposition,

---

\* Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Q. Todd Dickinson, the current Acting Commissioner of Patents and Trademarks, is substituted for the individual who was serving as Commissioner at the time the complaint was filed.

the Court concludes that plaintiff has failed to exhaust his administrative remedies as required by 33 U.S.C. § 145. The Court therefore lacks subject matter jurisdiction and defendant's motion to dismiss will be granted.

## I. BACKGROUND

Plaintiff Francesco A. Maririo submitted a patent application to the U.S. Patent and Trademark Office ("PTO") in December 1996 for an automotive transverse engine. *See* Defendant's Memorandum in Support of Motion to Dismiss ("Def.'s Mem.") at 1. In March 1997, the PTO terminated plaintiff's patent application because it was incomplete. *Id.* at Exh. 1 (Notice of Termination). There is no record that plaintiff ever attempted to amend his application in order to comply with PTO requirements, nor is there any evidence that he subsequently re-applied for the patent. In addition, despite plaintiff's belief that he was entitled to small business entity applicant status by the PTO, he commenced paying the fees required of large entities. *See* Complaint at 1. The record is unclear as to whether the PTO demanded the higher fees, or whether plaintiff voluntarily paid them. It is also not clear whether plaintiff was ever denied small business entity status. The PTO subsequently refunded $388.00 of the $518.00 fee plaintiff paid for his terminated patent application. *See* Def.'s Mem. at Exh. 2 (Request for Patent Fee Refund). The Finance Office described the reason for the refund as "abandonment," and deducted a $130.00 handling fee. *Id.*

Plaintiff did not appeal to the PTO Board of Patent Appeals and Interferences with respect to any of these decisions. Instead he filed suit in this Court. He alleges that the PTO wrongfully denied his patent application and is suing for (1) a U.S. patent on his transverse engine, (2) small business entity status for the patent application, and (3) $3,100.00 in damages plus court costs.

## II. DISCUSSION

An individual seeking judicial review of a denied patent application must first seek review through the administrative processes of the PTO. *See In re Hiniker Co.*, 150 F.3d 1362, 1367 (Fed.Cir. 1998); *see also Boyden v. Commissioner of Patents*, 441 F.2d 1041, 1043 (D.C.Cir. 1971). If a complete patent application has twice been denied by a PTO examiner the applicant may then appeal to the PTO Board of Patent Appeals and Interferences. *See* 35 U.S.C. § 134. Only after an adverse ruling by the Board may the applicant proceed either to the U.S. Court of Appeals for the Federal Circuit or to this Court. *See* 35 U.S.C. § 141 (applicant "dissatisfied with the decision of the Board of Patent Appeals and Interferences in an appeal under section 134" may appeal to Federal Circuit); 35 U.S.C. § 145 (same; may file suit in District Court). Congress requires an individual first to seek review within the PTO because the PTO is the "body having expertise to settle validity disputes more quickly and cheaply than would litigation." *See In re Hiniker Co.*, 150 F.3d at 1367. Furthermore, "no person has a vested right to a patent, but is privileged to seek the protected monopoly only upon compliance with the conditions Congress has imposed." *See Boyden v. Commissioner of Patents*, 441 F.2d at 1043.

Before plaintiff may appeal either to the Board or to this Court, he first must provide the PTO with a complete patent application and be denied a patent. *See* 35 U.S.C. § 111. The complaint does not indicate whether plaintiff even believes that the application he submitted was complete, and defendant maintains that it was not. The PTO terminated plaintiff's application because it was "incomplete," meaning that he failed to fulfill the initial statutory requirements by submitting a complete application form. *See* Def.'s Mem. at Exh. 1 (Notice of Termination). If plaintiff wants to contest the PTO's characterization of his application as incomplete, he may pursue

administrative action by appealing to the Board. Otherwise, he must provide the PTO with the requested information or apply to it a second time. He may not come directly to this Court, bypassing the requisite statutory steps in the patent appeals process. Until all avenues within the PTO are exhausted, and a final adverse agency decision is made regarding plaintiff's patent application, this Court has no jurisdiction to hear his case. *See* 35 U.S.C. § 145; *see also Boyden v. Commissioner of Patents*, 441 F.2d at 1043; *De-Seversky v. Brenner*, 424 F.2d 857, 859 (D.C.Cir.1969).

■ Plaintiff's claim for small business entity status also fails for lack of subject matter jurisdiction because he did not exhaust his administrative remedies. Allowing plaintiff all reasonable inferences from his complaint, he has failed to demonstrate that the PTO ever denied him small business entity status. On the contrary, defendant implies that should plaintiff submit a small business entity statement along with a complete patent application that status would be granted. *See* Def.'s Mem. at 6. The courts give great deference to PTO decisions, and to allow an individual to bypass statutory procedures requiring final PTO determinations would undermine the intent of Congress. *See Dickinson v. Zurko*, —— U.S. ——, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999). Because plaintiff has failed to exhaust his administrative remedies on the small business entity status issue, the Court has no jurisdiction.

Finally, because plaintiff's claim for money damages depends upon his claims for a U.S. patent and small business entity status, that claim also must fail. Until plaintiff appeals to the PTO Board of Patent Appeals and Interferences and receives a final administrative determination

with respect to his claim, he is not entitled to have this Court consider his request for damages.

An Order and Final Judgment consistent with this Memorandum Opinion will be issued this same day.

SO ORDERED.