Cindy MICHELS, et al., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 06–290 C.

United States Court of Federal Claims.

Sept. 1, 2006.

Frank A. Lukasik, The Villages, Florida, for plaintiff.

Brian A. Mizoguchi, Trial Attorney, Harold D. Lester, Jr., Assistant Director, David M. Cohen, Director, Peter D. Keisler, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. William LaMarca, Janet Gongola, Associate Solicitors, United States Patent and Trademark Office, Arlington, Virginia, of counsel.

### OPINION AND ORDER

GEORGE W. MILLER, Judge.

This case is before the Court on the motion of defendant ("the Government") to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. In her complaint, plaintiff seeks to recover damages for the taking of her property without compensation in violation of the Fifth Amendment to the United States Constitution. Specifically, plaintiff alleges that the early expiration of her patent by reason of her failure to pay a statutorily-mandated maintenance fee constituted such a taking. The Government seeks dismissal of plaintiff's claim pursuant to United States Court of Federal Claims Rule ("RCFC") 12(b)(6), arguing that the expiration did not constitute a taking but rather was a result of plaintiff's failure to satisfy a condition to which her patent was subject. In her opposition to the Government's motion, plaintiff sets forth a new allegation challenging the constitutionality of the maintenance fee.

## I. BACKGROUND

### A. Legal Background

In 1980, Congress passed Public Law 96–517, 94 Stat. 3015 (1980), which provided that patent-holders must pay prescribed maintenance fees to the United States Patent and

Trademark Office ("USPTO") in order to maintain their patents in force. This law, now codified at 35 U.S.C. § 41 (2000), became effective on December 12, 1980 and applies to all patents for which the application was filed on or after that date. Under 35 U.S.C. § 41(b) (hereinafter, the "maintenance fee provision"), a maintenance fee must be paid at three times during a patent's life.[1] If a patent-holder fails to pay a maintenance fee by the deadline or within a six-month grace period thereafter, "the patent will expire as of the end of such grace period." *Id.*

### B. Factual Background and Procedural History

On September 26, 1991, plaintiff Cindy Michels[2] filed for a patent on "Ergonomically Engineered Underwear." That application was allowed just over a year later, and she was granted United States Patent Number 5,157,793.

Plaintiff paid the first and second required maintenance fees in accordance with the schedule set forth in the maintenance fee provision, *see supra* note 1, but failed to pay the third and final fee. Pursuant to the statutory scheme, this failure resulted in the expiration of plaintiff's patent following the six-month grace period after the third payment's due date. After the expiration of her patent, plaintiff filed suit in this court.

In her complaint, filed April 12, 2006, plaintiff seeks "damages ... for the taking of private property without compensation ... in violation of the Fifth Amendment...." Compl. ¶ 1. In the complaint, plaintiff quotes Justice Holmes's seminal opinion in *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415,

43 S.Ct. 158, 67 L.Ed. 322 (1922) in support of the proposition that "if regulation goes too far, it will be recognized as a taking." Compl. ¶ 2. Plaintiff also argues that, as a policy matter, (1) although the purpose of patents is to encourage innovation, the "implementation of the maintenance fees ha[s] the opposite effect," and (2) the common practice of notifying the attorney of record of a maintenance fee's impending due date is inadequate, and the patent-holder should be personally notified instead.[3] *Id.* ¶ 7.

On June 12, 2006, the Government filed Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. In its motion, the Government sets forth two grounds for dismissal. First, the Government argues that the Takings Clause of the Fifth Amendment does not apply to legislation that requires the payment of money. Def.'s Mot. at 6. Second, the Government cites case law from this court supporting the contention that patent rights are conditioned upon payment of maintenance fees and therefore do not exist as an unconditional property right; thus, the Government argues, the expiration of plaintiff's patent did not constitute a taking of property since she had no right to the patent absent her compliance with the conditions prescribed by Congress. *Id.* at 4–7.

On July 6, 2006, plaintiff filed her "Reply Brief of Cindy Michels et al." (the "Opposing Brief"). The bulk of the Opposing Brief is dedicated not to bolstering or clarifying plaintiff's original allegation that the Government had taken her property, but rather on challenging the constitutionality of the maintenance fee provision. This claim is not

---

1. The fee schedule is as follows: $830 at 3 years and 6 months after the patent is granted; $1,900 at 7 years and 6 months; and $2,910 at 11 years and 6 months. 35 U.S.C. § 41(b).

2. It appears that plaintiff expected that other individuals would join her as additional plaintiffs. Compl. ¶ 7. However, no other plaintiffs are listed in the title of the action in the complaint, as is required by RCFC 10(a). Instead, the complaint refers to "[t]he additional Plaintiffs, Inventors and Patentees" whose patents were listed in Attachment 3 to the complaint. Compl. ¶ 7. In the Reply Brief of Cindy Michels

et al., plaintiff attempts to correct the problem by listing the "full name of every party or amicus represented in the case...." It is not clear to the Court, however, which individuals are intended to be additional plaintiffs and which seek leave to participate as amici. Because only Cindy Michels is listed in the title of the action, the Court will treat Ms. Michels as the sole plaintiff in this case.

3. It is not entirely clear how, if at all, plaintiff's policy arguments support her contention that an uncompensated taking occurred in this case.

raised in plaintiff's complaint.[4] Plaintiff has not sought leave to amend her original complaint, nor has she indicated any intent to do so.

The thrust of plaintiff's argument challenging the constitutionality of the patent maintenance fee is that the maintenance fee provision is not within Congress's power under the Intellectual Property Clause. The Clause, plaintiff explains, covers both patents and copyrights and grants Congress the power "to promote the progress of useful arts" by granting exclusivity to patent-holders. Pl.'s Opp. Br. at 8–12. Plaintiff cites case law which, she contends, establishes two tests for determining whether intellectual property legislation is within Congress's power: (1) whether the legislation is categorically beyond Congress's authority based upon text, history, and precedent, and (2) whether Congress has a rational basis for concluding that the legislation promotes the "Progress of Science." *Id.* at 9 *(citing Eldred v. Ashcroft,* 537 U.S. 186, 123 S.Ct. 769, 154 L.Ed.2d 683 (2003) *(quoting* U.S. Const. Art. I, § 8, Cl. 8)). Plaintiff argues that the maintenance fee provision fails these tests for constitutionality. Pl.'s Opp. Br. at 9–10.

The Government filed its Reply to Plaintiff's Opposition Brief on July 24, 2006. The Government first argued that the new claim set forth in plaintiff's Opposing Brief is beyond the scope of the allegations set forth in plaintiff's complaint. The Government stated:

> Plaintiffs' complaint claims that their patents were taken from them without compensation .... In contrast, much of their opposition to our motion to dismiss ... instead attacks the constitutionality of Congress' patent maintenance fee legislation.... These arguments ... are beyond the scope of, and irrelevant to, plaintiffs' complaint. They may not properly be considered in support of plaintiffs' opposition to our motion to dismiss the complaint they actually filed.

Reply to Pl.'s Opp. Brief at 1–2. After arguing the foregoing point, the Government reiterated arguments set forth earlier in support of its motion to dismiss plaintiff's taking claim.

## II. DISCUSSION

### A. Jurisdiction

The Tucker Act grants the Court of Federal Claims subject matter jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). The statute grants "jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the Government or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained." *Nalette v. United States,* 72 Fed.Cl. 198 (2006) *(citing United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114, *reh'g denied,* 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976)).

While the Tucker Act confers jurisdiction on the Court of Federal Claims, "it does not create any substantive right enforceable against the United States for money damages." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 *(quoting United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *see also, Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001) ("The Tucker Act is a purely jurisdictional statute; on its own predicate, it does not enable a party to recover monetary damages from the United States."). Thus, "plaintiff must assert a claim under a ... money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998). For plaintiff's arguments to succeed, plaintiff

---

4. Plaintiff admits that "it is the intent of [the Opposing Brief] to *also raise the Constitutional* *issue* for 'establishing' the Maintenance Fee." Pl.'s Opp. Br. at 1 (emphasis added).

must demonstrate that the source of law relied upon "can fairly be interpreted as mandating compensation by the federal government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (*quoting United States v. Testan*, 424 U.S. at 400, 96 S.Ct. 948). Where a plaintiff seeks the return of money it has paid to the Government, it only needs to "assert that the value sued for was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967).

The Court's jurisdiction over plaintiff's taking claim under the Fifth Amendment— the sole claim set forth in plaintiff's complaint—is undisputed. It is based on the Fifth Amendment to the Constitution, a provision that mandates the payment of just compensation when the Government takes private property for public use. *See Jacobs v. United States*, 290 U.S. 13, 16, 54 S.Ct. 26, 78 L.Ed. 142 (1933) ("[T]he right to recover just compensation for property taken by the United States ... was implied because of the duty to pay imposed by the [Fifth] Amendment."). As Judge Gibson explained in *Froudi v. United States*, 22 Cl.Ct. 290, 296 n. 11 (Cl.Ct.1991), a claim for just compensation is a claim for money damages.

Plaintiff's second claim attacks the constitutionality of the maintenance fee provision and seeks a refund of maintenance fees paid. Had plaintiff's second claim been properly pleaded, the court would have had jurisdiction over the claim as an illegal exaction. *Eastport*, 178 Ct.Cl. at 606, 372 F.2d at 1008; *Figueroa v. United States*, 66 Fed.Cl. 139, 146 (Fed.Cl.2005).

**B. Standard of Review**

Under RCFC 12(b)(6), dismissal is appropriate when the facts as alleged in the complaint do not entitle the plaintiff to a legal remedy. *N.Y. Life Ins. Co. v. United States*, 190 F.3d 1372, 1377 (Fed.Cir.1999). In considering a 12(b)(6) motion, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Perez v. United States*, 156

F.3d 1366, 1370 (Fed.Cir.1998). The case may be properly dismissed if plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *accord Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir.2000); *Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1131 (Fed.Cir.1998).

**C. Analysis**

1. **The Expiration of Plaintiff's Patent for Failure to Pay a Required Maintenance Fee Was Not a Taking of Private Property, but Rather Was a Result of Plaintiff's Failure To Satisfy a Condition to Which Her Patent Was Subject**

■ The Government contends that plaintiff's complaint should be dismissed for two reasons. First, the Government contends, the complaint should be dismissed because "the Takings Clause does not apply to legislation requiring the payment of money" and, therefore, the maintenance fee provision cannot be construed to effect a taking. Def's Mot. at 4 (*quoting Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1329 (Fed.Cir.2001), *cert. denied*, 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002)). Second, the Government contends that the patent privilege does not exist independent of the fees upon which the privilege is conditioned and, therefore, because plaintiff failed to satisfy a condition to which the privilege was subject, no property right of hers was taken when the patent expired. In response, plaintiff first argues that this case concerns the taking of a *patent*, not of statutorily-mandated payments. Second, plaintiff contends that, by complying with the steps necessary to cause the patent to be issued, she acquired a property interest in the patent which was to last for its entire twenty-year term. Compl. ¶ 5; Pl.'s Opp. Br. at 13–14.

The Court does not agree with the Government's contention that the expiration of plaintiff's patent is not a taking because the operative law—the maintenance fee provision—requires the payment of money. The taking alleged by plaintiff is based upon the

expiration of her patent, not the taking of her money used to pay maintenance fees. She contends that, by stripping her of her patent privilege, the Government effectively seized property for which compensation should have been provided. Given the nature of this allegation, the Government's citation of *Commonwealth Edison* for the proposition that "the Takings Clause does not apply to legislation requiring the payment of money," Def.'s Mot. at 4 (*quoting Commonwealth Edison,* 271 F.3d at 1329), is inapposite. In *Commonwealth Edison,* a domestic electric utility challenged the legality of a special monetary assessment imposed by the Energy Policy Act. 271 F.3d 1327. In that case, the plaintiff's taking claim was that "the statutory obligation to pay money to the Government constitute[d] a taking of that money...." *Id.* at 1330. The factual distinction between that case and this one is evident: here, plaintiff alleges that her patent—not her money—was taken.

The Court agrees, however, with the Government's second argument that "the patent privilege does not exist independent of the payment of the fees upon which Congress conditioned the privilege" and, therefore, the lapse of plaintiff's patent for failure to pay a required maintenance fee does not constitute a taking of any property right possessed by plaintiff. Def.'s Mot. at 4. The courts have recognized Congress's authority to impose conditions upon the privilege of patent ownership. In *Giuliani v. United States,* 1988 WL 97455, at *1 (D.Haw.1988), *aff'd,* 878 F.2d 1444 (Fed.Cir.1989), the court determined that "[g]iven the plenary authority of Congress to act in the area of patents, Congress has authority to prescribe fees for filing, issuing, and maintaining a patent in force." Additionally, in *Boyden v. Comm'r of Patents,* 441 F.2d 1041 (D.C.Cir.1971), *cert. denied,* 404 U.S. 842, 92 S.Ct. 139, 30 L.Ed.2d 77 (1971), the Court of Appeals for the D.C. Circuit decided that the right to a patent is not absolute, but rather is subject to the conditions which Congress has prescribed. The *Boyden* court stated:

> No person has a vested right to a patent ... but is privileged to seek [patent protection] only upon compliance with the conditions which Congress has imposed. That

rule applies to the payment of fees required for the administration of the patent laws just as it demands compliance with other conditions, statutorily imposed. Certainly the powers of Congress in the patent law field are plenary for they stem directly from the Constitution.

*Boyden,* 441 F.2d at 1043; *accord Giuliani,* 1988 WL 97455, at *1. Taken together, *Giuliani* and *Boyden* establish that it is within Congress's plenary power in the field of patents to condition the continued viability of a patent upon the payment of patent maintenance fees. Indeed, in order to press her taking claim plaintiff must concede, for purposes of that claim, that the actions of the Government on which her taking claim is based were authorized, either expressly or by implication, by a valid enactment of Congress. *Hooe v. United States,* 218 U.S. 322, 335–36, 46 Ct.Cl. 655, 31 S.Ct. 85, 54 L.Ed. 1055 (1910). *See Del–Rio Drilling Programs v. United States,* 146 F.3d 1358, 1362–63 (Fed.Cir.1998).

Moreover, decisions of this Court establish that the expiration of a patent due to nonpayment of a required fee does not constitute a taking of property within the meaning of the Fifth Amendment. In his earlier decision in the *Figueroa* litigation, Judge Futey granted the Government's motion to dismiss a taking claim. *Figueroa v. United States,* 57 Fed.Cl. 488 (2003). In that case, a patent-holder brought suit against the United States alleging that "increases, diversions, and rescissions" of patent fees exceeded Congress's authority and constituted an uncompensated taking prohibited by the Fifth Amendment. *Id.* Although the court accepted that "a patent application constitutes property," it explained that "ownership of a patent application[ ] does not change the fact that [a patent-holder] does not have a preexisting property right in a patent independent of payment of the patent fees." *Id.* at 502 (*citing McClurg v. Kingsland,* 42 U.S. 202, 206, 1 How. 202, 11 L.Ed. 102 (1843)). While the *Figueroa* court recognized that patents are granted for a twenty-year term, it explained that such a grant is conditioned upon payment of maintenance fees. *Id.* at 502 (*citing* 37 C.F.R. §§ 1.20(e)-(i)). If the fees

are not paid, the court found, "it is not that [a patent-holder's] personal property is taken away ... but rather the conditions of the privilege are no longer satisfied." *Id. (citing* 35 U.S.C. § 154(a)(2)). The court in *Figueroa* held that a taking of a patent had not occurred since the "plaintiff [did] not have an independent property interest [in the patent] apart from satisfying all conditions imposed by Congress...." *Figueroa,* 57 Fed.Cl. at 503.

In her Opposition Brief, plaintiff attempts to downplay the relevance of *Figueroa* by stating that *Figueroa* involved the "taking of maintenance fees" rather than the taking of an actual patent and that the decision dealt with the plaintiff's illegal exaction claim. Pl.'s Opp. Br. at 5. Although the plaintiff in *Figueroa* advanced an illegal exaction claim he also advanced a taking claim in the alternative. *Figueroa,* 57 Fed.Cl. at 496. Judge Futey's reasoning in *Figueroa* is applicable to the case at bar. As described above, *Figueroa* clearly addressed the nature of a patent-holder's ownership rights in a patent *vis-à-vis* maintenance fees and failure to pay such fees.

In finding the reasoning of *Figueroa* persuasive, the Court is in accord with the United States District Court for the Southern District of New York, the only other court to have discussed *Figueroa* in an opinion. In *Korsinsky v. United States,* 2005 WL 2312886 (S.D.N.Y.2005), Judge Denise L. Cote of the Southern District of New York decided a case strikingly similar to this one. In *Korsinsky,* the plaintiff had held a patent for over three years when he failed to make a maintenance fee payment.[5] Upon this failure, his patent expired by operation of the maintenance fee provision. *Id.* at *1. The patent-holder appealed to the United States Patent and Trademark Office ("USPTO") for the reinstatement of his patent, but his appeal was denied. He filed his complaint sometime thereafter, alleging that the USPTO erred in declining to reinstate his patent

and, more germane to this case, that his property had been taken without just compensation in violation of the Fifth Amendment.

The Government sought dismissal of the *Korsinsky* plaintiff's taking claim under Federal Rule of Civil Procedure 12(b)(6). In dismissing the plaintiff's complaint, the *Korsinsky* court relied upon *Figueroa,* stating that "[a] plaintiff's 'property interest in a patent accrues only after it has satisfied all mandatory conditions' ... [and that i]f a patent expires because a maintenance fee is not paid, 'it is not that plaintiff's personal property is taken away ... but rather that the conditions of the privilege are no longer satisfied.'" *Korsinsky,* 2005 WL 2312886, at *5 (*quoting Figueroa,* 57 Fed.Cl. at 502–03). The court in *Korsinsky* found that the patent-holder "[did] not retain a property interest in the [p]atent, because he failed to comply with mandatory conditions for the [p]atent's existence. Accordingly the expiration of the [p]atent cannot constitute an unlawful taking." *Id.* at *6.

In light of the foregoing, the Court holds that the expiration of plaintiff's patent did not constitute a taking of any property right held by plaintiff but was rather a result of her failure to meet a requirement upon which her property interest in the patent was conditioned.

**2. Plaintiff's Argument that Congress's Imposition of Patent Maintenance Fees is Unconstitutional Was Not Pleaded in Plaintiff's Complaint and Therefore Is Not Properly Before the Court**

In her Opposing Brief, plaintiff additionally alleges that the required patent maintenance fees are unconstitutional. This allegation is not properly before the Court in this action. The appropriate means of raising this claim would have been either to have included it in plaintiff's complaint or to have

---

5. Plaintiff, in attempting to distinguish *Korsinsky,* states that the issue in that case "involved the payment of a fee *before* the patent issued, the 'Issue Fee.'" Pl.'s Opp. Br. at 4. However, the *Korsinsky* opinion states that the patent at issue "was issued on April 5, 1988" and did not expire

until the "six month grace period lapsed without payment of the first maintenance fee." *Korsinsky,* 2005 WL 2312886, at *1. As mentioned above, the first maintenance fee is not due until three years and six months after the patent is issued. *See supra* n. 1.

filed a motion to amend the complaint pursuant to RCFC 15.

The Court is not inclined to permit the introduction of a new allegation in plaintiff's Opposing Brief. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss"); *Crest A Apartments, Ltd. v. United States*, 52 Fed.Cl. 607, 613 (2002) (refusing to consider allegation set forth in summary judgment motion, but not in original complaint). Declining to consider plaintiff's claim that Congress's imposition of patent maintenance fees is unconstitutional at this point in the litigation comports with the basic principle that in considering a motion to dismiss pursuant to RCFC 12(b)(6) we are to look at "facts as alleged *in the complaint*" (emphasis added). *See supra* Section II.B. Although this claim was not pleaded in the complaint and is therefore not properly before the Court, in order to avoid unnecessary multiplication of proceedings, the Court will address the merits of the claim.

### 3. Even If Plaintiff's Claim that the Maintenance Fee Provision Is Unconstitutional Had Been Properly Pleaded, the Court Would Reject That Claim on the Merits

▆ Plaintiff argues that the maintenance fee provision exceeds Congress's power under the Intellectual Property Clause.[6] The Clause grants Congress the power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. art. I, § 8, cl. 8. As noted earlier, the powers of Congress in the field of intellectual property stem from the Constitution and are therefore plenary. *Boyden*, 441 F.2d at 1043.

Patent fee legislation embodies Congress's policy determinations. In his later decision in the *Figueroa* litigation, Judge Futey

granted the Government's motion for summary judgment with respect to the plaintiff's illegal exaction claim. Judge Futey concluded that "Congress is entitled to great deference under the Necessary and Proper Clause when it legislates under its Intellectual Property power." 66 Fed.Cl. at 152. Judge Futey stated that, even if the plaintiff were correct that "the current patent fee regime [was] misguided and create[d] the wrong incentives," that would not render the fee regime unconstitutional because "such policy determinations are for Congress, and not the courts, to make." *Id.* Under precedent established by this court, the maintenance fee cannot be construed to be an illegal exaction because it was within Congress's authority under the Intellectual Property Clause to impose such a fee. Thus, even if her claim that Congress's imposition of a maintenance fee was unconstitutional had been properly pleaded, plaintiff's claim would fail on the merits.

### III. CONCLUSION

For the reasons set forth above, the Government's motion to dismiss plaintiff's complaint pursuant to RCFC 12(b)(6) is GRANTED, and the Clerk is directed to enter judgment in favor of defendant.

IT IS SO ORDERED.

---

6. In contrast to her taking claim, plaintiff obviously does not concede that imposition of the maintenance fee was authorized for purposes of her claim that imposition of the maintenance fee is unconstitutional and thus constitutes an illegal exaction. That claim and plaintiff's taking claim are treated as having been asserted in the alternative. *See* RCFC 8(e)(2).