**Edward J. BRENNER, Commissioner of Patents, Appellant,**

v.

**Robert J. EBBERT and Design Products Corporation, Appellees.**

No. 21346.

United States Court of Appeals District of Columbia Circuit.

Argued March 18, 1968.

Decided May 23, 1968.

Certiorari Denied Oct. 28, 1968.
See 89 S.Ct. 259.

Mr. S. William Cochran, Attorney, United States Patent Office, with whom Mr. Joseph Schimmel, Solicitor, United States Patent Office, was on the brief, for appellant.

Mr. John A. Blair, Detroit, Mich., with whom Mr. John W. Malley, Washington, D. C., was on the brief, for ap-

pellees. Mr. William K. West, Jr., Memphis, Tenn., also entered an appearance for appellees.

Before BAZELON, Chief Judge, and WRIGHT and TAMM, Circuit Judges.

TAMM, Circuit Judge.

This case concerns a question of procedure in the Patent Office. After applying for a patent, appellee Ebbert received from the Patent Office a notice of allowance, dated April 21, 1966. It was captioned "NOTICE OF ALLOWANCE AND ISSUE FEE DUE," and among other things stated: "With the allowance of the application, the above indicated Issue Fee becomes due and payment must be made *within three months of the date of this Notice or the Patent will become abandoned (forfeited)*." (Emphasis supplied.) Joint Appendix at 54. The issue fee was not paid within three months because of a clerical error on the part of appellees' counsel. On February 10, 1967, appellees tendered the fee, but appellant Commissioner of Patents rejected the tender on the ground that he had no authority to accept the fee after October 21, 1966, *id est*, more than an *additional* three months after the due date of July 21, 1966, set in the notice of allowance. The Patent Office practice had been— and is now—to send applicants a "NOTICE OF FORFEITED APPLICATION" when the issue fee was not paid within the initial three month period after issuance of the notice of allowance. However the practice was suspended from August 4, 1966 until March 1, 1967, as a result of an unusually heavy workload, and no such notice was sent to appellees.

When they tendered the fee, appellees petitioned the Commissioner to revive the abandoned application. The Commissioner dismissed the petition and appellees brought suit in the District Court to set aside that dismissal. They also sought to compel revival, acceptance of the issue fee and issuance of a patent. Cross motions for summary judgment

were made, appellees' motion was granted and this appeal was taken.

Two statutes, 35 U.S.C. § 133 (1964) and 35 U.S.C. § 151 (Supp. II, 1965–66), are involved. They provide:

### § 133. Time for prosecuting application

Upon failure of the applicant to prosecute the application within six months after any action therein, of which notice has been given or mailed to the applicant, or within such shorter time, not less than thirty days, as fixed by the Commissioner in such action, the application shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner that such delay was unavoidable.

### § 151. Issue of patent

If it appears that applicant is entitled to a patent under the law, a written notice of allowance of the application shall be given or mailed to the applicant. The notice shall specify a sum, constituting the issue fee or a portion thereof, which shall be paid within three months thereafter.

Upon payment of this sum the patent shall issue, but if payment is not timely made, the application shall be regarded as abandoned.

Any remaining balance of the issue fee shall be paid within three months from the sending of a notice thereof and, if not paid, the patent shall lapse at the termination of this three-month period. In calculating the amount of a remaining balance, charges for a page or less may be disregarded.

If any payment required by this section is not timely made, but is submitted with the fee for delayed payment within three months after the due date and sufficient cause is shown for the late payment, it may be accepted by the Commissioner as though no abandonment or lapse had ever occurred.

The fourth paragraph of § 151 specifically authorizes the Commissioner to accept issue fees if they are tendered

with a fee for delayed payment, "within three months after the due date * * *" and if "sufficient cause is shown for the late payment * * *." Thus it is clear that the section does not authorize acceptance of the issue fee here, tendered more than six months after the due date. Appellees argue—and the District Court found—that § 133 allows the acceptance of issue fees without time limitation, if the more strict standard of "unavoidable delay" is met.[1] This position is premised on a conclusion that that section's phrase "prosecute the application" encompasses all action taken by an applicant up to and including securing issuance of a patent. The Commissioner says the two sections are mutually exclusive, that § 151 is clearly applicable and that he has no authority to accept the issue fee more than three months after the due date.[2] We agree.

A stated purpose of the 1965 amendments to § 151 was "to expedite the prosecution of patent applications and thus make new technology available to the public at an earlier date." S. Rep. No. 301, 89th Cong., 1st Sess. 1 (1965), U. S. Code Cong. & Admin. News 1965, pp. 2315, 2316. The prior time limit fixed the due date for payment of the issue fee at six months after the notice of allowance but authorized the Commissioner to accept late payment for one year after the due date. The 1965 amendments modified these time limits, making the due date three months after the notice of allowance and authorizing the Commissioner to accept the fee for an additional three months after the due date on a showing of "sufficient cause." (The statute did not theretofore require such a showing.) If § 133 were construed as allowing an abandonment to be revived at any time, the purpose of hastening the beginning—and hence the expiration—of the seventeen year monopoly period would be frustrated.

Sections 133 and 151 are contained in separate chapters of Title 35. Chapter 12, titled "Examination of Application," contains § 133, while Chapter 14, titled "Issue of Patent," contains § 151. This dichotomy is strong evidence that the phrase "prosecute the application" in § 133 comprehends only action taken by an applicant through gaining allowance of his application, because examination of the application is completed at that point. Congress established a separate statutory framework for what remains —issuance of the patent. It is a relatively ministerial act; if the issue fee is timely tendered, the patent must issue.

Because little legal work of consequence is involved in tendering the issue fee, there is no need for an unlimited time within which to "respond." Thus there is nothing inherently unreasonable in § 151 and its requirement that the issue fee be paid within three months after the due date. In contrast, it is not uncommon before an application is allowed for considerable legal work requiring substantial amounts of time and attendant delays to be involved. For all the foregoing reasons, we hold § 151 to be exclusively applicable to this situation.

We are now confronted with appellees' contention that if § 151 is exclusively applicable it deprives them of property without due process of law. Such a deprivation requires two elements: 1) the application here, though a patent had not been issued, must have amounted to a property right and 2) deprivation of the right following the notice given here must have denied appellees due process.

We have considerable doubt whether appellees' allowed but unissued patent is "property" as that term is used in the fifth amendment. See for example, DeFerranti v. Lyndmark, 30 App.D.C. 417, 425 (1908) where we noted that "in

---

1. It was conceded that appellees' delay in tendering the issue fee was "unavoidable." Joint Appendix at 19.

2. Although their validity is not in issue, Patent Office intraoffice procedures

clearly construe § 151 as being exclusively applicable to the late payment of issue fees. See Manual of Patent Examining Procedure § 712 (current ed.),

a patent, no vested right of which the applicant cannot be deprived is acquired under the preliminary proceedings leading up to its issuance. The condition, however, is different after the patent is issued." Also in Mullins Mfg. Co. v. Booth, 125 F.2d 660, 664 (6th Cir.1942), the court said: "The right of Booth to his invention while his application is pending is an inchoate right, which matures as property when the patent issues, and it may have great prospective value."

■ Assuming for the sake of argument, however, that a property right exists here, we conclude that the notice fully satisfied due process requirements. Those requirements were spelled out by the Supreme Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314–315, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950):

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U.S. 457, 61 S. Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; Priest v. Board of Trustees of Town of Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, supra, and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly, supra, and cf. Goodrich v. Ferris, 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied.

■ The Commissioner's notice specifically stated that "payment must be made within three months of the date of this Notice or the Patent will become abandoned (forfeited)." Appellees concede it was received. Indeed they *responded* to it by paying the issue fee in another pending application, because of a clerical error. The Constitution requires notice reasonably designed to forewarn against approaching default; but it does not insure against the effects of a mistaken response to timely notice knowingly received.

The judgment of the District Court appealed from is reversed.

Reversed.