**BEC PRESSURE CONTROLS CORP.,**
Plaintiff,

v.

**DWYER INSTRUMENTS, INC.,**
Defendant.

Civ. No. 72 S 118.

United States District Court,
N. D. Indiana,
South Bend Division.

March 22, 1974.

Clyde F. Willian, Robert P. Cummins, Hume, Clement, Hume & Lee, Ltd., Chicago, Ill., William F. McInerny, Chapleau, Roper, McInerny & Farabaugh, South Bend, Ind., for plaintiff.

Robert C. Brown, Jr., Thomas F. McWilliams, Mann, Brown, McWilliams & Bradway, Chicago, Ill., Thomas L. Murray, William J. Reinke, Thornburg, McGill, Deahl, Harman, Carey & Murray, South Bend, Ind., for defendant.

## MEMORANDUM

GRANT, District Judge.

Plaintiff filed a patent application with the United States Patent Office on 23 November 1964. That application was allowed on 24 February 1966, and notice was duly sent to plaintiff informing him that an issue fee was payable to the Patent Office. Under 35 U.S.C. § 151, such issue fee is payable within three months of the notice of allowance or the patent application is regarded as abandoned. However, if the fee specified in the notice of allowance is submitted by the applicant within three months of its due date—that is, within a second three month period—together with the fee for delayed payment and a verified statement of sufficient cause for the late payment, the Commissioner of Patents may accept the delayed payment as though no abandonment had occurred.

Plaintiff's issue fee became due on 24 May 1966. However, actual payment to the Patent Office was not submitted within the first three-month period, but was tendered in July of 1966. Although this tender was within the second three-month period after the notice of allowance, it did not include the required delayed payment fee or a showing of sufficient cause for the late payment. Therefore, the patent application was abandoned by the Patent Office.

On 7 November 1966, plaintiff filed a petition to revive the patent application, but this was denied by the Commissioner on 23 November 1966. Nevertheless, a supplemental petition to revive was filed by plaintiff on 2 December 1966, and this time the Commissioner granted the petition. Plaintiff's patent was then allowed some two months later.

In his motion for summary judgment, defendant contends that plaintiff's patent is invalid because of plaintiff's failure to comply with the provisions of § 151 relating to the payment of issue fees to the Patent Office. In particular, it is defendant's position that since plaintiff failed to pay the required issue fee within the initial three-month period after notice of allowance, and since he failed to tender his late payment fee with a showing of sufficient cause within the second three-month period that began after the notice of allowance, defendant argues that the strict time and payment requirements of § 151 have been violated. Furthermore, defendant contends that since § 151 is clear in its mandate, the Commissioner of Patents has no authority or discretion to waive its requirements and to collect issue fees unless they are, in fact, paid within the prescribed statutory period and pursuant to its express direction. In this regard, it is alleged by defendant that the Commissioner acted in excess of his authority in granting plaintiff's supplemental petition to revive his patent after it had been abandoned.

Plaintiff, on the other hand, maintains that his tender of the issue fee in July of 1966, although not in strict compliance with § 151, was in substantial compliance with the spirit of the statute. In support of this, plaintiff cites the Court to certain allegedly unique circumstances in the present case which purportedly serve to justify the problems surrounding the payment of his issue fee to the Patent Office. First of all, plaintiff maintains that he received no notice of abandonment from the Patent Office—which is allegedly standard practice—when his fee was rejected. Secondly, plaintiff argues that the Patent Office actually negotiated his check within six months of the notice of allowance thereby leaving plaintiff's counsel with no reason to suspect that the tendered payment was in any respect unsatisfactory. Third, plaintiff alleges that there was a certain amount of confusion both on his part and on the part of the Patent Office regarding the time periods within which issue fees were payable due to the amendment of § 151 which took effect in July of 1965.

Additionally, plaintiff urges the Court to give great respect to and not disturb the Commissioner's decision to revive the patent application in light of the fact that his decision was allegedly the

result of careful consideration and evaluation of the unique facts and circumstances before him. Finally, it is argued that since plaintiff's patent is presumed to be valid, the burden rests on the defendant to prove invalidity as well as error on the part of the Commissioner of Patents by clear and convincing evidence.

■ It has been held that the Commissioner of Patents has a large measure of discretion in determining whether to permit the revival of an abandoned patent application. Such discretion, however, is not wholly uncontrolled, plenary, or unreviewable by the courts. *Commissariat A L'Energie Atomique v. Watson*, 107 U.S.App.D.C. 85, 274 F.2d 594, 596–597 (1960). Moreover, such discretion appears to have been limited by the 1965 amendments to 35 U.S.C. § 151, particularly with regard to the payment of issue fees to the Patent Office. *Brenner v. Ebbert*, 130 U.S.App.D.C. 168, 398 F.2d 762, 763–764 (1968).

With reference to § 151, it has been held, nevertheless, that when "rare" cases occur the fair administration of law by the Patent Office permits such situations to be accommodated instead of governed by close adherence to the strict letter of the statute. *Delgar, Inc. v. Schuyler, Comr. Pats.*, 72 U.S.P. Q. 513, 519 (D.D.C.1970). In *Delgar* the court granted relief to the patent applicant where his attorneys failed to receive a notice of allowance, even though such notice had, in fact, been mailed by the Patent Office. Indicating that there was difficulty in determining whether notice of allowance was or was not received, the court interpreted the circumstances as constituting a rare situation to be accommodated. Therefore, the court deviated from the strict letter of § 151 in making its determination. This approach, taken together with the notion that administrative determinations are entitled to due respect by the courts, and with the idea that a patent once issued is presumed to be valid, presents to this Court a very impressive battery of arguments.

Nevertheless, it has been said in regard to the payment of issue fees under § 151 that the Commissioner of Patents has no authority to accept such a fee that is tendered more than three months after its due date for the purpose of reviving an abandoned patent application. *Brenner, supra*, 398 F.2d at 764. Since the stated purpose of the rule is to "expedite the prosecution of patent applications", the general tenor of the court's opinion in *Brenner* indicates that there is little, if any, flexibility regarding the Commissioner's authority to accept such issue fees which are not tendered in full compliance and in complete accordance with the statute.

Although it does not deal specifically with § 151, a more recent case involving the payment of fees to the Patent Office which reinforces the idea of strict compliance with the governing statute expressed in *Brenner, supra*, is Boyden v. Commissioner of Patents, 142 U.S.App. D.C. 351, 441 F.2d 1041 (1971). There the court said that it is mandatory that the Commissioner of Patents charge and that the applicant pay the fees specified by statute as a prerequisite to the filing of a patent application. More importantly, however, the court noted that the duty of the Commissioner in this regard stems from a clear statutory requirement. Therefore, there is no grant of discretionary power to him, and he has no authority to waive the prescribed payment. Furthermore, the court makes it clear that the federal court is not authorized to order the Commissioner to waive the payment of such filing fees.

■ Although *Boyden, supra*, as noted above, does not deal with § 151 per se, the import of its language with regard to the payment of fees to the Patent Office is clear. That is, where the payment of such fees is involved, the discretion of the Commissioner of Patents is significantly curtailed, and he appears to have very little, if any, authority to impose his discretion upon the requirements of the governing statute. Stated otherwise, it appears to this Court that there must be strict compli-

ance with the statute involved in order that the policy to expedite patent applications might be effected. Consequently, any unjustified deviation from the mandate of the governing statute is a violation which is fatal to the applicant, and the Commissioner of Patents would appear to be powerless to cure such deviation unless, of course, as noted above, the situation qualifies as a rare or unique one to be accommodated by the Patent Office.

 The circumstances of the present case, in the opinion of this Court, do not present that type of rare situation which would call for special consideration and accommodation by the Patent Commissioner. Although the patent applicant herein did, in fact, tender a fee within the prescribed period, (albeit in the wrong amount), and although he appeared to have been lulled into a sense of security that his tendered fee to the Patent Office was acceptable, in the Court's view, it was incumbent upon him, and more particularly upon his counsel, to prosecute his patent application with continuing diligence and with an acute awareness of the clear and unambiguous requirements of amended § 151. This was not done, however, and as a result, the requirements of § 151 regarding the payment of issue fees to the Patent Office were clearly violated. Therefore, the present circumstances contrast with the circumstances in *Delgar, supra,* in that they do not present that so-called "rare" situation which is entitled to be accommodated by the Patent Office. This interpretation gains support in light of the stated purpose and policy of § 151 to expedite the prosecution of patent applications.

 Accordingly, although this Court recognizes and subscribes to the view that administrative determinations are entitled to great weight and respect, the decision of the Commissioner of Patents here to revive plaintiff's patent application was in contravention of the clear and concise mandate and policy of § 151 dealing with the payment of issue fees.

Under such express statutory direction, the cases indicate that substantial compliance with the statute by a patent applicant will not suffice, contrary to plaintiff's belief. Rather, on the weight of authority, strict compliance with the applicable statute appears to be required, and such strict compliance must be enforced by the Commissioner, especially where the payment of issue fees under § 151 is involved. Any other·interpretation of § 151, in the opinion of this Court, would render it nugatory and would thwart its intended policy.

Therefore, the Court is compelled, on the basis of the circumstances and evidence here presented, to grant defendant's motion for summary judgment.