NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LLOYD J. FLEMING,**
*Plaintiff-Appellant,*

**v.**

**RICHARD COWARD AND P. HEMPHILL, OFFICER #2478,**
*Defendants-Appellees,*

AND

**WALTER W. TWEEDY, POOL, OFFICER, ADRIANNE TODMAN, FRANK LANCASTER, AND LORRY BLUITT BONDS,**
*Defendants-Appellees,*

AND

**ARUN C. WILLIAMS AND PATRICK ASSOUAD,**
*Defendants-Appellees,*

AND

**GARRETT, MOTENAR ROBERSON, JOSEPH DUKES, EBENEZER OLOMO, LARRY LOUCUS, TOM WOODSON, BEEMON FLEMING, JIMMY MCGIVIE, KESHA TAYLOR, JESSICA, RECITA EVANS, STEPHEN WHEELE, KAREN BUSH, AND MEREDITH KOLBRENER,**
*Defendants.*

---

2013-1091

———————————

Appeal from the United States District Court for the District of Columbia in No. 12-CV-0330, Judge Richard J. Leon.

———————————

Decided: August 12, 2013

———————————

LLOYD J. FLEMING, of Washington, DC, pro se.

NATALIE O. LUDAWAY, Leftwich & Ludaway, LLC, of Washington, DC, for defendants-appellees, Walter W. Tweedy, et al.

NATHAN K. KELLEY, Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for defendants-appellees, Arun C. Williams, et al. On the brief were FRANCES LYNCH and JOSEPH PICCOLO, Associate Solicitors.

———————————

Before RADER, *Chief Judge,* LOURIE, and PROST, *Circuit Judges.*

PER CURIAM.

Lloyd J. Fleming seeks review of a decision of the U.S. District Court for the District of Columbia dismissing his complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. Because the district court correctly found that Mr. Fleming has failed to exhaust his administrative remedies in the U.S. Patent and Trademark Office prior to filing suit, we affirm.

BACKGROUND

On July 25, 2008, Mr. Fleming filed a patent application at the U.S. Patent and Trademark Office ("PTO"). The application bore Serial No. 12/220,804 and was assigned to patent examiners, Arun C. Williams and Patrick Assouad. After a final rejection, on November 29, 2011, examiner Williams sent Mr. Fleming a document entitled "Advisory Action Before the Filing of an Appeal Brief" ("Advisory Action"). The Advisory Action stated that Mr. Fleming's latest filing failed to place his application in condition for allowance. It advised that to avoid abandonment of the application, Mr. Fleming must timely file one of several required documents within a set timeframe. It also explained that extensions of time may be obtained under 37 C.F.R. § 1.136(a). Mr. Fleming did not file any such document.

Instead, on December 13, 2011, Mr. Fleming amended a complaint to add Messrs. Williams and Assouad as defendants (together, the "PTO defendants") to a case he had filed two months earlier in the Superior Court of the District of Columbia. In the original complaint filed on October 17, 2011 in the Superior Court, Mr. Fleming had sought $10 million in civil damages against sixteen defendants, including federal and District of Columbia employees.

On March 1, 2012, the PTO defendants successfully removed the case to the District Court for the District of Columbia. Removal was proper because Mr. Fleming appears to allege in the amended complaint that he was seeking review of the PTO's rejection of his patent application. Indeed, Mr. Fleming had attached as exhibits to the amended complaint a signed statement by himself referencing the patent application he had filed, as well as the November 29, 2011 Advisory Action that he had received from the PTO. No explanation accompanied either exhibit in the amended complaint.

On May 9, 2012, the PTO defendants filed with the district court a motion to dismiss or, in the alternative, for summary judgment. The PTO defendants argued that Mr. Fleming's complaint contained incoherent statements that failed to allege any specific wrongdoing or misconduct by them, which meant that the action must be construed as being brought against them in their official capacity as patent examiners. Assuming that Mr. Fleming was seeking to challenge the PTO's rejection of his patent application, the PTO defendants argued that the district court lacked jurisdiction over the case because he had failed to exhaust his administrative remedies in the PTO. In particular, Mr. Fleming did not respond to the November 29, 2011 Advisory Action by filing within the required time period (1) an amendment, affidavit, or other evidence, which placed his application in condition for allowance; (2) a Notice of Appeal to the Board of Patent Appeals; or (3) a Request for Continued Examination. Nor did Mr. Fleming petition the Director of the PTO under 37 C.F.R. § 1.137 to revive his abandoned patent application. The PTO defendants submitted a supporting affidavit, which stated that a search of the official records of the PTO revealed no evidence of Mr. Fleming's having ever filed any patent prosecution documents in response to the Advisory Action. As a result, Mr. Fleming's amended complaint was jurisdictionally defective.

On August 2, 2012, the district court granted the motion to dismiss for lack of jurisdiction because Mr. Fleming had failed to exhaust his administrative remedies with respect to his patent application. *Fleming v. Coward*, No. 12-0330, 2012 U.S. Dist. LEXIS 108607 (D.D.C. Aug. 2, 2012) ("*District Court Decision*"). In the opinion, the district court held that the "exhaustion of administrative remedies is a jurisdictional prerequisite to filing a civil lawsuit arising from the denial of a patent," and found that Mr. Fleming had failed to refute the PTO defendants' evidence showing that he has failed to meet the prerequisite. *Id.* at *2. The district court thereafter entered an order dismissing the PTO defendants and

remanding the case to the Superior Court of the District of Columbia.

On August 10, 2012, Mr. Fleming appealed the district court's decision to the U.S. Court of Appeals for the District of Columbia Circuit. On November 30, 2012, the D.C. Circuit transferred the appeal to this court, which has exclusive jurisdiction to review district court decisions over matters involving a claim arising under the Patent Act. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Whether a district court has subject matter jurisdiction over an action is a question of law that we review de novo. *DeArchibold v. United States*, 499 F.3d 1310, 1313 (Fed. Cir. 2007). When assessing a Rule 12(b)(1) motion, "a court may consider the complaint and any undisputed facts in the record." *Marshall v. Honeywell Tech. Solutions, Inc.*, 675 F. Supp. 2d 22, 24 (D.D.C. 2009) (citation omitted).

Absent an explicit statutory waiver, the doctrine of sovereign immunity shields the federal government and its agencies, including the PTO, from suit. *See Boyle v. United States*, 200 F.3d 1369, 1372–73 (Fed. Cir. 2000). With respect to the PTO, Congress expressly waived immunity in several statutory provisions. Under 35 U.S.C. § 141, a patent applicant who is dissatisfied with the final decision in an appeal to the Patent Trial and Appeal Board ("Board") under 35 U.S.C. § 134(a) may appeal the Board's decision directly to the Federal Circuit. Alternately, the dissatisfied patent applicant may choose to "have remedy by civil action against the Director in the United States District Court for the Eastern District of Virginia." 35 U.S.C. § 145. To the extent that these statutory review provisions are inadequate, an action against the PTO may be brought under the Administrative Procedure Act if the patent applicant demonstrates receipt of a "final agency action" under 5 U.S.C. § 704.

*See Phillips Petroleum Co. v. Brenner*, 383 F.2d 514, 517–18 (D.C. Cir. 1967).

Notably, the prerequisite to requesting judicial review under all three statutory provisions is the exhaustion of remedies before the PTO by procuring a "decision from the Board" or "final agency action." *See Field v. Manbeck*, No. 90-1030, 1990 U.S. Dist. LEXIS 10137, at *3 (D.D.C. Aug. 2, 1990) ("The plaintiff has not received a decision from the Board of Patent Appeals and thus this Court does not have jurisdiction over this action in the absence of a final agency decision, pursuant to 35 U.S.C. § 145 and 5 U.S.C. § 704."). Thus, the district court was correct to cite *Leighton v. Coe* for its holding that the exhaustion of administrative remedies is a jurisdictional prerequisite to filing a civil lawsuit arising from the denial of a patent. 130 F.2d 841, 842 (D.C. Cir. 1942).

The district court also correctly found that Mr. Fleming "has not exhausted his administrative remedies with regard to his patent application." *District Court Decision*, at *2. Mr. Fleming had neither obtained a "decision from the Board" nor "final agency action," because he did not "appeal from the decision of the primary examiner to the . . . Board" under 35 U.S.C. § 134(a) upon receipt of the Advisory Action. The unrefuted affidavit submitted by the PTO defendants establishes that Mr. Fleming did not pursue any of the options presented to him in the Advisory Action: (1) file an amendment, affidavit, or other evidence, which would place his patent application in condition for allowance; (2) file a Request for Continued Examination; or (3) request an extension of time to respond.

The district court was correct to dismiss the complaint against the PTO defendants because of Mr. Fleming's lack of action in the PTO prior to instituting a civil lawsuit arising from the rejection of his patent application. *See Leighton*, 130 F.2d at 842.

**AFFIRMED**

## Costs

Each party shall bear its own costs.